IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE ARRIAGA,<br><br>    Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendants. | No.  2:24-CV-0224-DMC<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 8 and 9, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c); see also ECF No 11 (minute order reassigning action).  Pending before the Court are the parties' briefs on the merits, ECF Nos. 12, 14, and 15.

    The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).  The sequential evaluation proceeds as follows:

| | | |
|---|---|---|
| Step 1 | | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

///

|     |        |                                                                                                                                                                                                                                                                   |
| --- | ------ | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | Step 4 | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
|     | Step 5 | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on November 26, 2021.  See CAR 17.[1] In the application, Plaintiff claims disability began on June 1, 2013.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on April 10, 2023, before Administrative Law Judge (ALJ) Daniel Myers.  In a September 22, 2023, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): depression; anxiety; post-traumatic stress disorder; lumbar degenerative disc disease; and degenerative joint disease of the right upper extremity.

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations.

3. The claimant has the following residual functional capacity: the claimant can perform medium work as defined in 20 CFR 416.967(c) in that she can lift and carry fifty pounds occasionally and twenty-five pounds frequently, sit for six hours of an eight-hour day and stand and walk for six hours of an eight-hour day except can do frequent, not constant, stooping, bending, kneeling, crouching, crawling, stairs; climb no ladders; and frequent, not constant, overhead reaching with the dominant right upper extremity; she is limited to performing routine, repetitive tasks involving no more than occasional interruptions to the work routine, with no more than occasional changes to the work setting, where she cannot be expected to engage in independent planning and goal setting; the work requires a nonpublic setting, where she can work in proximity with coworkers but not on joint or shared tasks and is limited to occasional supervisory contact.

4. Considering the claimant's age, education, work experience, residual functional capacity, vocational expert testimony, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 20-30.

After the Appeals Council declined review on November 21, 2023, this appeal followed.

///

---

[1] Citations are to the Certified Administrative Record (CAR) lodged on March 20, 2024, ECF No. 10.

4

## III. DISCUSSION

In Plaintiff's opening brief, she argues that the ALJ failed to properly assess her subjective statements and testimony. See ECF No. 12, pg. 2.

The Commissioner determines the weight to be given to a claimant's own statements and testimony, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not afforded weight and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing a claimant's statements and testimony, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other

5

inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to discount testimony of disabling pain, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to discount a claimant's pain testimony. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

/ / /

**A.     The Commissioner's Findings**

The ALJ evaluated Plaintiff's statements and testimony at Step 4 of the sequential evaluation process. See CAR 23-29. The ALJ summarized Plaintiff's statements and testimony as follows:

> The claimant alleges a combination of impairments causing weakness, fatigue and chronic pain, limiting activities of daily living, social functioning, and the capacity to understand, remember or apply information as well as maintain concentration, persistence and pace. The claimant alleges lumbar degenerative disc disease with sciatica and scoliosis. She has had no back surgeries, treatment being medications and occasionally epidural steroid injections, that are not effective. She has all over joint pain, sometimes swelling in the lower extremities that makes it difficult to stand, sit, lift and reach. She also has a cyst in the right upper extremity, limiting her capacity to reach, handle, finger and feel, and overhead reach. She asserts PTSD, anxiety, and depression are severe and crippling, with borderline personality disorder. She gets mentally stuck, and will not shower for a week, and that it is hard to get up and perform life activities (Exhibit B2E; B4E; B5E; B8F; B9F; and hearing testimony).

CAR 24.

The ALJ came to the following conclusion regarding Plaintiff's statements and testimony:

> After considering the evidence of record, including the symptoms, work history, clinical signs, diagnostic test and imaging results, treatment seeking history, prescribed medications and treatment, medical opinions, and activities of daily living, I find that the record supports the claimant's allegations of severe medically determinable impairments. These impairments can reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence for the reasons explained in this decision.
>
> Generally findings in physical and mental examination, and in medical imaging do not correspond to the level of pain and limitation alleged while symptoms are controlled and improved with the treatment received. While there are occasions of abnormal clinical findings, or exacerbations of symptoms, the record does not reveal any significant signs that persisted throughout the relevant period.

CAR 24.

The ALJ then continued to provide a detailed summary of Plaintiff's longitudinal medical history, including medical opinions, which is lengthy and not repeated here. See id. at 24-28.

///

Regarding Plaintiff's daily activities, the ALJ noted as follows:

> Some evidence that the claimant's symptoms are not as limiting as alleged, and of the good control of symptoms and conditions can be seen in the claimant's activities of daily living. As noted, she is substantially independent in self-care and can perform light household chores, care for a pet dog, manage her finances, can drive but has no car, so walks or uses public transportation and shops. She lives with and is raising her two children, about ages 5 and 11, and is partnered (boyfriend). Her son has autism, with special needs, attending school under an IEP, and a regional center client. She is assisted in care by their respective fathers and grandparents. She reported self-employment activity, making jewelry that she sells (Exhibit B8F/2, B9F/3, B12F/85, B14F/95 and hearing testimony).

CAR 26.

The ALJ concluded his analysis with the following:

> Overall, the objective findings in this case fail to provide strong support for the claimant's allegations of intense, persistent and disabling mental symptoms and limitations. The few significant and recurrent symptoms of abnormalities, with improvement when compliant with treatment recommendations, and sustaining treatment. Given this, the claimant's alleged symptoms and limitations in functioning are not fully consistent with and supported by the evidence of record. While anxious or depressed at times, the record shows she can think, communicate and act in her own interest to seek appropriate care, generally adjust to ordinary emotional stresses, get along with others, as well as do usual activities, raising her two children with a single episode of decompensation as a single parent. However, to accommodate her chronic mental health symptoms I limit her to work where she need only do routine, repetitive tasks involving no more than occasional interruptions to the work routine, with no more than occasional changes to the work setting, where she cannot be expected to engage in independent planning and goal setting. The work requires a nonpublic setting, where she can work in proximity with coworkers but not on joint or shared tasks and is limited to occasional supervisory contact.

CAR 28-29.

### B. **Plaintiff's Contentions**

Plaintiff argues that the ALJ failed to properly assess Plaintiff's testimony under the "clear and convincing" evidence standard. See ECF No. 12, pgs. 7-10. Plaintiff states as follows:

> Here, the ALJ failed to meet this high standard of providing a clear and convincing reason to dismiss the Plaintiff's testimony. Instead, the ALJ dismissed the Plaintiff's testimony because (1) the findings did not correspond to the level of pain and limitation alleged, (2) Ms. Arriaga's activities of daily living and (3) Ms. Arriaga's statements about her lack of

>childcare impacting her employment. None of these constitute a clear and convincing reason to dismiss Ms. Arriaga's statements.
>
>Id. at 7.

Plaintiff goes on to elaborate on each of the three arguments in turn. In Plaintiff's pain and limitation argument, Plaintiff claims that the ALJ improperly dismissed Plaintiff's testimony based on the ALJ's own opinion, which was not a clear and convincing reason to dismiss the testimony. See id. at 7-8. In Plaintiff's daily activities argument, Plaintiff claims that the ALJ improperly dismissed Plaintiff's testimony based on an inaccurate account of Plaintiff's daily activities. See id. at 8. Plaintiff claims that her daily activities are better reflected in the consultive examiner's report and that Plaintiff's statements in that report are consistent with her other testimony that she has significant limitations in her ability to perform daily activities. See id. at 9. In Plaintiff's childcare impact argument, Plaintiff claims that, while childcare was a concern for Plaintiff, it was not the sole reason for her inability to work. See id. at 10. Plaintiff concludes by claiming that the ALJ failed to present any other reasons for dismissing Plaintiff's' testimony. See id.

### C. Analysis

The Court finds that Plaintiff's arguments are unpersuasive. Regarding Plaintiff's pain and limitations, the Court finds that the ALJ's decision to discount Plaintiff's testimony was not based on the ALJ's own opinion alone but was instead supported by the testimony of several medical experts and directly addressed Plaintiff's alleged limitations. See CAR 23-29. While not conclusive on its own, medical evidence can be used to support the ALJ's findings.

Regarding Plaintiff's daily activities, the Court finds that the ALJ offers specific evidence such as Plaintiff's ability to perform light household chores, care for a pet dog, manage her finances, drive a car, use public transportation, and care for her children, one of whom has special needs. See CAR 26. These specified daily activities provide substantial evidence to support the ALJ's decision to discount Plaintiff's testimony.

/ / /

/ / /

9

1        Regarding Plaintiff's childcare impact, the Court finds that, although Plaintiff does offer a rational interpretation of the evidence, the ALJ's interpretation of the evidence is also rational, and thus the Court must defer to the Commissioner's interpretation. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

        Finally, the Court notes that, in addition to the reasons addressed by Plaintiff, the ALJ also supports his decision with evidence that Plaintiff responded well to treatment of her impairments and noted that Plaintiff refused her prescribed medication. See CAR 24. These facts provide additional substantial evidence to support the ALJ's decision.

        For the foregoing reasons, the Court finds that the ALJ's finding is based on substantial evidence.

## IV.  CONCLUSION

Based on the foregoing, the Court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

        1.        Plaintiff's motion for summary judgment, ECF No. 12, is denied.

        2.        Defendant's motion for summary judgment, ECF No. 14, is granted.

        3.        The Commissioner's final decision is affirmed.

        4.        The Clerk of the Court is directed to enter judgment and close this file.

Dated:  September 19, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE